UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES T. TURNER, an individual; CHERYL A. TURNER, an individual; ANN THOMAS INDUSTRIES, LLC, a California Limited Liability Company; and ANN THOMAS INDUSTRIES, INC., a California corporation;

        Plaintiffs,

   v.

THORWORKS INDUSTRIES, INC., f/k/a SEALMASTER INDUSTRIES, INC., a Minnesota corporation; DAVID L. THORSON, an individual; and DOES 1 to 25, inclusive;

        Defendants.

NO. CIV. S-05-02653 WBS KJM

ORDER RE: MOTION TO DISMISS/ TRANSFER VENUE, OR TO STAY ACTION PENDING ARBITRATION

----oo0oo----

        Currently before the court is defendants' motion to dismiss the pending action or transfer the action to a contractually-specified venue or, alternatively, to stay the action pending arbitration.

I.   <u>Factual and Procedural Background</u>

        On or about March 31, 2002, plaintiffs Cheryl A. Turner, James T. Turner, and Ann Thomas Industries ("ATI")

1

1  entered into a written agreement with SealMaster Franchise Group,
2  Inc, the predecessor-in-interest to InFrasys, Inc.  (Thorson Aff.
3  App. A (Franchise Agreement).)  Under the terms of the Franchise
4  Agreement, plaintiffs purchased a franchise business that sells
5  pavement sealing from SealMaster Franchise Group, Inc.  The
6  agreement also included a choice of law provision specifying that
7  the agreement and rights of the parties should be interpreted and
8  construed under Ohio law; a forum selection clause requiring that
9  any action brought by either party to the agreement should be
10 brought in state or federal court in Erie County, Ohio; and a
11 clause requiring that all claims relating to the agreement or
12 breach thereof be submitted to arbitration in Erie County, Ohio.
13 (Id. at 43-44.)  Plaintiffs also entered into an Asset Purchase
14 Agreement with SealMaster Industries, Inc. at this time.  (Id.
15 App. B (Asset Purchase Agreement).)  This agreement delineated
16 the assets being transferred between the parties and did not
17 include clauses relating to choice of law, forum selection, or
18 arbitration.  (Id.)

19          More than a year later, on July 1, 2003, plaintiffs
20 entered into a supplemental agreement with: SealMaster
21 Industries, Inc., InFrasys, Inc., and David L. Thorson, which
22 explicitly modified some of the terms of the previous Franchise
23 Agreement between plaintiffs and SealMaster Franchise Group, Inc.
24 (Id. App. C (Supplemental Agreement).)  The list of supplemental
25 terms did not expressly state that the parties to the agreement
26 had changed, but the first paragraph of the agreement specified
27 that SealMaster Industries, Inc., InFrasys, Inc. (f/k/a
28 SealMaster Franchise Group, Inc.), and David L. Thorson were to

be considered collectively as the "SealMaster Parties." (Id. at 1.) The Supplemental Agreement included language that "all Parties acknowledge and agree from and after the Effective Date to fully and faithfully abide by all terms and conditions of the Franchise Agreement, this Agreement, and any other agreements relating to the System and the Franchised Business to which they may be a party . . . ." (Id. at 6.) The Supplemental Agreement additionally explained that InFrasys and plaintiff ATI were parties to the Franchise Agreement. (Id. at 1.) Finally, the agreement noted that "[t]o the extent that the terms of this Agreement are inconsistent with any provisions set forth in the Franchise Agreement or any other agreements to which the Parties hereto may be a party, the terms of this Agreement shall control." (Id. at 6.)

Beginning in approximately June 2002, plaintiffs purchased SealMaster products from defendant Thorworks Industries, Inc., including an emulsifier (a component of the pavement sealant that plaintiffs sold). Plaintiffs allege that defendants switched the key component of the sealer emulsifier to another component that was ineffective, which, in turn, destroyed plaintiffs' business. (Id.) These alleged damages form part of the basis for the certain claims in plaintiffs' complaint. Plaintiffs contend, however, that these transactions were governed by purchase orders, invoices, billings, and shipping documents relating to the supply of emulsifier plaintiffs purchased from defendants, rather than by the terms of the Franchise, Asset Purchase, or Supplemental Agreements. (Pls.' Opp'n to Mot. to Dismiss/Transfer 4.)

3

1    On November 29, 2005, plaintiffs filed suit in Superior
2 Court of the State of California, in and for the County of
3 Solano, where they operate a SealMaster dealership that is the
4 subject of this action. (Compl.)  Plaintiffs named Thorworks
5 Industries, Inc., formerly known as SealMaster Industries, Inc.,
6 and David L. Thorson as defendants. (Id.)  In their complaint,
7 plaintiffs allege that defendants (1) made fraudulent
8 misrepresentations regarding the dealership they sold to
9 plaintiffs, and (2) made misrepresentations, caused intentional
10 business torts, breached their contract, and breached warranties
11 with regard to a defective emulsifier product sold by defendant
12 Thorworks Industries, Inc. to plaintiffs in 2005. (Id.)
13 Defendants removed the case to this court on December 30, 2005
14 based on diversity of citizenship. (Id. at 2.)  Defendants
15 subsequently brought this motion to dismiss the proceedings,
16 transfer venue, or stay the proceedings pending arbitration, all
17 of which, they contend, are actions warranted by the contractual
18 agreements described above.

II.  Discussion

20    A motion to dismiss based upon a forum selection clause
21 is treated as a motion to dismiss for improper venue. Kukje
22 Hwajae Ins. Co., Ltd. v. M/V HYUNDAI LIBERTY, 408 F.3d 1250, 1254
23 (9th Cir. 2005); see also Offshore Sportswear, Inc. v. Vuarnet
24 Int'l, B.V., 114 F.3d 848, 851 (9th Cir. 1997) ("We treat
25 dismissal based on a forum selection clause like a dismissal for
26 improper venue under Rule 12(b)(3).").  In a motion to dismiss
27 for improper venue, the pleadings need not be accepted as true,
28 and the district court may accept facts outside of the pleadings.

4

Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004). Moreover, the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. Id. at 1138.

If a forum selection clause is found valid, 28 U.S.C. § 1406(a) governs. See, e.g., Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); Flake v. Medline Indus., Inc., 882 F. Supp. 947, 952 (E.D. Cal. 1995). Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought."

In contesting defendants' motion to dismiss or transfer, plaintiffs argue that they "assert no claims calling for enforcement or construction of the APA [(Asset Purchase Agreement)]" (Pls.' Opp'n to Mot. to Dismiss/Transfer 6), and that the Supplemental Agreement is not the subject of their claims (id. at 15 n.12). They further argue that defendants are not signatories to the Franchise Agreement, and therefore cannot assert the terms of the Franchise Agreement here.

As a general matter, a non-party, or nonsignatory, to a contract is not liable for a breach of that contract. See, e.g., Britton v. Co-op Banking Group, 4 F.3d 742, 744 (9th Cir. 1993) (noting generally that a "contractual right may not be invoked by one who is not a party to the agreement"); Henry v. Assoc. Indem. Corp., 217 Cal. App. 3d 1405, 1416-17 (1990) (concluding that where "[t]here was no direct contractual relationship between

5

[the parties]," there was no basis from which "a breach of contract action could properly spring" (citing <u>Gruenberg v. Aetna Ins. Co.</u>, 510 P.2d 1032 (Cal. 1973))).

Nevertheless, contractual terms may extend to non-signatories according to the following theories: "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; . . . 5) estoppel" and 6) third party beneficiary status.[1] <u>Id.</u> (quoting <u>Thomson-CSF, S.A. v. Am. Arbitration Ass'n</u>, 64 F.3d 773, 776 (2d Cir. 1995)); <u>see also</u> <u>Comer v. Micor</u>, 436 F.3d 1098, 1101 (9th Cir. 2006) (noting that "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles" (quoting <u>Letizia v. Prudential Bache Sec., Inc.</u>, 802 F.2d 1185, 1187-88 n.5 (9th Cir. 1986))). Further, where the alleged conduct of a nonsignatory to a contract is very "closely related to the contractual relationship," a forum selection clause from said contract can be applied to the nonsignatory. <u>Manetti-Farrow</u>, 858 F.2d at 514 n.5. The two arguments asserted by defendant nonsignatories here are (1) that plaintiffs are equitably estopped from disavowing the provisions of the Franchise Agreement because their claims rely upon the Franchise Agreement, and (2) that there is a close relationship between defendants and InFrasys, a signatory to the Franchise Agreement.

A. <u>The Forum Selection Clause Is Enforceable</u>

Equitable estoppel is a doctrine that "precludes a

---

[1] Defendants do not argue that they were third party beneficiaries to the Franchise Agreement between plaintiffs and InFrasys, Inc. Because it has not been briefed, the court does not address this issue.

party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." Comer, 436 F.3d at 1101 (quoting Wash. Mut. Fin. Group, L.L.C. v. Bailey, 364 F.3d 260, 267 (5th Cir. 2004)). In Sunkist Soft Drinks, Inc., v. Sunkist Growers, Inc., the Eleventh Circuit applied this doctrine to hold that a party seeking to avoid arbitration because defendant was not a signatory to the contract is estopped from arguing against arbitration when the plaintiff's claims are based on a contract that expressly provides for arbitration. 10 F.3d 753, 757-58 (11th Cir. 1993). The court reasoned that the plaintiff could not selectively rely on the contract when convenient but disavow such reliance when it became inconvenient. Id.

Like the plaintiff in Sunkist, plaintiffs here have asserted certain claims in the complaint that necessarily rely upon the Franchise Agreement and the relationships thereby created. At oral argument, it was undisputed between the parties that Claims 1, 2, 5, 6, and part of Claim 9, but no others, are based in the franchise relationship and therefore, the Franchise Agreement. Plaintiffs' other claims appear to relate to the purchase of the emulsifier product that was a component of the sealant that plaintiffs sold at their business.[2] Therefore, they

---

[2] To the extent plaintiffs are attempting to avoid the application of contract law and rely instead upon principles of tort law, "forum selection clauses can be equally applicable to contractual and tort causes of action." McBro Panning & Dev. Co. v. Triangle Elec. Constr. Co., Inc., 741 F.2d 342, 344 (11th Cir. 1984). In particular, where tort causes of action "relate to 'the central conflict over the interpretation' of the contract, they are within the scope of the forum selection clause." Manetti-Farrow, 858 F.2d at 514. Additionally, "it is well

7

cannot avoid enforcement of the clause for claims that arise out of that agreement.

Additionally, "signatories have been required to arbitrate claims brought by nonsignatories 'at the nonsignatory's insistence because of the close relationship between the parties involved.'" Comer, 436 F.3d at 1101 (citations and emphasis omitted); see also Manetti-Farrow, 858 F.2d at 514 n.5 (similarly applying a forum selection clause to nonsignatories). A close relationship exists between defendants and InFrasys, Inc., the party who signed the Franchise Agreement. At a minimum, this relationship is evidenced by the Supplemental Agreement, which included defendants, InFrasys, Inc., and plaintiffs. The language in the complaint also supports the intertwined nature of the parties. Moreover, defendants assert that InFrasys is the franchisor and ThorWorks is the manufacturer of products for the SealMaster franchise system. The harms alleged by plaintiff in Claims 1, 2, 5, 6, and paragraphs 164 and 165 of Claim 9, relate to this franchise system, which clearly implicates InFrasys, Inc. and defendants. For these reasons, the forum selection clause in the Franchise Agreement is enforceable with regard to the parties here and Claims 1, 2, 5, 6, and paragraphs 164 and 165 of Claim 9.

B.   The Forum Selection Clause Should Be Applied Here

Where there is an applicable forum selection clause, it is "enforceable absent a strong showing by the party opposing the

---

established that a party may not avoid broad language in an arbitration clause by attempting to cast its complaint in tort rather than contract." Id. at 513.

8

clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching.'" Id. at 514 (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)) (insertion in original). The party opposing the adoption of the forum selection clause bears a heavy burden and must prove that "trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." The Bremen, 407 U.S. at 18. Although plaintiffs argue that trial in Ohio would be inconvenient, this circumstance, even if true, does not "deprive" plaintiffs of their day in court. Furthermore, although plaintiffs contend that the agreement as a whole is the product of fraud, they do not make specific allegations of fraud as to the forum selection clause itself. Plaintiffs also argue that the presence of physical evidence in the state of California and the state's interest in interpreting and applying California Franchise Investment Laws to protect its citizens counsel in favor of this court retaining jurisdiction over the case. These considerations, however, do not speak to the question of whether application the forum selection clause would be unreasonable, and therefore do not assist the court in making its determination.

Additionally, "[a] forum selection clause will be enforced where venue is specified with mandatory language." Koresko, 291 F. Supp. 2d at 1161 (citing Docksider, Ltd. v. Sea Tech., Ltd., 875 F.2d 762, 764 (9th Cir. 1989)). The forum selection clause here contains mandatory language specifying a particular forum:

9

1         any action sought to be brought by either party, except those claims required to be submitted to
2         arbitration, shall be brought in the appropriate state or federal court with jurisdiction over
3         Erie County, Ohio, and the parties do hereby waive all questions of personal jurisdiction or
4         venue for purposes of carrying out this provision.

5 (Thorson Aff. App. A (Franchise Agreement) at 43.)  Because
6 plaintiffs have not demonstrated that a transfer of venue to Ohio
7 would, practically speaking, deprive them of their day in court,
8 this court is not the proper forum for the claims that stem from
9 the Franchise Agreement.  Because this court can only transfer
10 the case to another federal court under § 1406, and plaintiffs
11 may prefer not to re-file these claims or to re-file them in
12 state court in Ohio, the court concludes that dismissal is
13 appropriate.

14         IT IS THEREFORE ORDERED that defendants' motion to
15 dismiss be, and the same hereby is, GRANTED, with respect to
16 Claims 1, 2, 5, 6, and, in part, 9.  Pursuant to 28 U.S.C. §
17 1406(a), claims 1, 2, 5, 6, and paragraphs 164 and 165 of Claim 9
18 are hereby DISMISSED.

19         IT IS FURTHER ORDERED that defendants' motion to
20 dismiss be, and the same hereby is, DENIED, as to all other
21 claims.

22 DATED:  March 28, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10